## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RIGOBERTO DIAZ**                                              **CASE NO.** _____

**VERSUS**

**ACN CONSTRUCTION, LLC** and
**ANGEL CASTORENA**

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff Rigoberto Diaz, who respectfully submits this Complaint.

### *Jurisdiction*

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

### *Venue*

2.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2) because the plaintiff was employed by defendants in this district and all (or nearly all) of the overtime hours worked by the plaintiff occurred within this District. Further, both defendants reside within this District.

### *The Defendants*

3.

Made Defendants herein and liable unto Plaintiff are (a) ACN Construction, LLC, a Louisiana limited liability company domiciled and having its principal office in Baton Rouge, Louisiana; and (b) Angel Castorena, the manager of ACN Construction, LLC.

*Statement of Facts*

4.

Defendant ACN Construction is a construction firm specializing in concrete block and brick construction.

5.

The FLSA applies to ACN's employment of plaintiff.

6.

Defendants are the "employers" of plaintiff as that term is defined by the FLSA.

7.

Defendants hired plaintiff, directed his work, supervised him, determined his work schedule and paid him an hourly wage. At all times, defendant Castorena had the power to hire and fire plaintiff, and Castorena personally implemented the company's policy of not paying overtime to the company's employees.

8.

Defendant ACN is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1). Specifically, defendant provides services in connection with commercial construction projects that incorporate materials manufactured in interstate commerce and use tools manufactured in interstate commerce.

9.

Defendant had annual revenues that exceed $500,000.00 in all years to which this action pertains.

10.

ACN employed plaintiff for approximately 3 years, from 2018 through early October 2021. During that time, plaintiff estimates he worked, on average, around 55 hours per week.

11.

As a construction worker, plaintiff was personally involved in interstate commerce, commonly handling goods, tools, materials and equipment manufactured in interstate commerce as part of his duties.

12.

Section 207(a)(2)(C) of the FLSA mandates that non-exempt employees are entitled to overtime pay at a rate of no less than one and one-half times the employee's regular rate for all hours worked in excess of 40 hours per week.

13.

Despite the fact that the Plaintiff was a non-exempt employee under the Fair Labor Standards Act, he was never paid an overtime rate of one and one-half times his regular rate of pay for hours worked in excess of 40 hours per week. He was paid his regular hourly rate regardless of the number of hours he worked each week.

14.

Under the Fair Labor Standards Act, plaintiff is entitled to payment of additional wages at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty hours per week throughout the duration of his employment.

15.

The defendants knowingly and willfully violated the FLSA. Plaintiff is therefore also entitled to recover from defendants an equal sum as liquidated damages, together with reasonable attorney's fees, legal interest, costs, as well as to such equitable relief as may be appropriate to effectuate the purposes of the Fair Labor Standards Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Diaz prays for the following relief:

1. An award of damages as provided by the FLSA, including liquidated damages to be paid by Defendants;

2. Reasonable attorney's fees, costs, and expenses of this action as provided by FLSA; and

3. Any other relief that this Court deems just.

Respectfully Submitted:

**ESTES DAVIS LAW, LLC**

*/s/ Daniel B. Davis*
Randall E. Estes (La. Bar Roll No. 22359)
Daniel B. Davis (La. Bar Roll No. 30141)
4465 Bluebonnet Blvd., Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Facsimile: (225) 384-5419
Email: dan@estesdavislaw.com
*Attorneys for Plaintiff*